IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY D. SIGMAN,

    Petitioner,           No. 2:12-cv-0854 EFB P

    vs.

RON BARNES,

    Respondent.        ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. Presently before the court are respondent's motion to dismiss this action as untimely and petitioner's motion for appointment of counsel. Dckt. Nos. 11, 15. For the following reasons, respondent's motion to dismiss is granted and petitioner's request for appointment of counsel is denied.

**I.    Motion to Dismiss**

    **A.    Procedural History**

    Petitioner pled guilty to second degree robbery and was sentenced to 6 years in state prison. Resp.'s Mot. to Dismiss, Docs. Lodged In Support Thereof (hereinafter "Lodg. Doc.") 1.

////

1

He failed to timely appeal the conviction. He did, however, request permission to file an untimely notice of appeal, which the California Court of Appeal, Third Appellate District, denied on February 5, 2009. Lodg. Docs. 2, 3.

Petitioner subsequently filed three state habeas petitions. The first was filed in the San Joaquin County Superior Court on April 12, 2011.[1] Lodg. Doc. 4. That petition was denied on May 4, 2011. Lodg. Doc. 5. On June 5, 2011, petitioner filed a petition in the California Court of Appeal, which was denied on June 23, 2011. Lodg. Docs. 6, 7. Petitioner last state habeas petition was filed in the California Supreme Court on July 10, 2011. That petition was denied on February 22, 2012. The instant petition was filed on March 20, 2012.

**B.     Statute of Limitations**

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."

---

[1] The court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

1  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application
2  is "pending" during the intervals between a lower court decision and filing a new petition in a
3  higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not
4  provide a basis for statutory tolling.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

5        The limitations period may also be equitably tolled where a habeas petitioner establishes
6  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
7  circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In light of this
8  pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable
9  tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that
10 despite diligently pursuing his rights, some external force *caused* the untimeliness.  *Waldron-*
11 *Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

12       Petitioner has the burden of showing facts entitling him to statutory and equitable tolling.
13 *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace v.*
14 *DiGuglielmo*, 544 U.S. 408, 418 (2005); *Miranda v. Castro*, 292 F.3d 1063, 1065
15 (9th Cir. 2002).

16     **C.**    **Analysis**
17         **I.**    **Start Date of the Limitations Period**

18       In this case, the statute of limitations began to run when petitioner's time for seeking
19 direct review expired, rendering the judgment final.  *See* 28 U.S.C. § 2244(d)(1)(A); *see also*
20 *Gonzales v. Thaler*, 132 S.Ct. 641, 653-54 (2012) ("judgment becomes final at the 'expiration of
21 the time for seeking such review'–when the time for pursuing direct review. . . in state court,
22 expires.").  Petitioner was sentenced on May 18, 2005.  Lodg. Doc. 1.  He had 60 days from the
23 date of judgment to file a notice of appeal seeking direct review in state court.[2]  Cal. R. Ct.

---

[2] The start date of the limitations period was not affected by petitioner's request to belatedly file a notice of appeal.  The start date would only have been affected if the California Court of Appeal had granted petitioner's request and reopened direct review, rendering his

3

8.308; *see Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (finding an un-appealed conviction became final 60 days after the judgment of conviction). He did not, however, file a notice of appeal in state court within 60 days. Lodg. Docs. 2, 3. The judgment therefore became final on July18, 2005, and the one-year limitations period commenced running the following day. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until July 18, 2006, to file his federal habeas petition. He did not file the instant petition until March 20, 2012. Dckt. No. 1 at 7. Absent tolling, his application in this court is nearly six years late.

In his opposition, petitioner contends that he was not aware that his trial counsel committed error by failing to secure his right to a jury trial until another inmate provided him legal advice in September 2006. Dckt. No. 15 at 2. To the extent that petitioner is arguing that he is entitled to a later start date under 28 U.S.C. § 2244(d)(1)(D), he is mistaken. Section 2244(d)(1)(D) provides that the limitation period for filing a federal habeas petition runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, the "factual predicate" of a claim is discovered "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner was aware of the facts surrounding the imposition of his conviction and sentence at the time judgment was entered. His failure to understand their legal significance until receiving legal advice in September 2006 does

---

judgment nonfinal and altering the triggering date of the limitations period:

> [T]he possibility that a state court may reopen direct review "does *not* render convictions and sentences that are no longer subject to direct review nonfinal," [Citation]. We do not depart from that rule here; we merely hold that, where a state court *has in fact reopened* direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal.

*Jimenez v. Quarterman*, 555 U.S. 113, 120 n.4 (2009) (emphasis added) (citation omitted). Here, the state court did not reopen direct review. Lodg. Doc. 3.

4

not entitle him to the statute of limitations start date under section 2244(d)(1)(D).

### ii. Tolling

Petitioner's state habeas petitions do not provide a basis for tolling the limitation period because these petitions were filed after July 18, 2006, the date the limitations period expired. Lodg. Docs. 4, 6, 8. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir 2003); *see Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (finding a petitioner's filing of a state habeas petition after the one-year limitations period ran "resulted in an absolute time bar to refiling after his state claims were exhausted"); *Laws v. Lamarque*, 351 F.3d 919, 922 ("[B]ecause [petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim in the first instance."). Accordingly, petitioner is not entitled to statutory tolling.

Petitioner contends, however, that he is entitled to equitable tolling. He explains that he was not able to timely file his petition due to his limited legal experience, continuous lockdowns resulting in a denial of access to legal material, and his former attorney's failure to promptly produce a transcript of his plea agreement hearing. *See generally* Dckt. No. 15.

Petitioner's first proffered reason for his delay in filing–his limited legal knowledge–does not entitle him to equitable tolling. Petitioner's ignorance of the law does not constitute an extraordinary circumstance warranting equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a pro se petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Nor does petitioner's claim that prison lockdowns precluded him from timely filing his habeas petition provide a basis for equitable tolling. Petitioner states in his opposition that he was either on lockdown or in administrative segregation since July 2006. Dckt. No. 15 at 6-7. As previously stated, the limitations period expired July 18, 2006. Based on petitioner's allegation, it is not entirely clear whether prison lockdowns inhibited petitioner's ability to file a

habeas petition within the limitations period. If petitioner was not placed on lockdown status until after July 18, 2006, there would have been no interference with petitioner's access to legal material prior to the expiration of the limitation period. As petitioner fails to inform the court of the precise date on which a lockdown occurred, he has failed to satisfy his burden of showing that prison lockdowns prevented him from timely filing his federal petition.

Even assuming a lockdown occurred in the more than two weeks prior to July 18, 2006, petitioner would still not be entitled to equitable tolling. For petitioner to be entitled to equitable tolling, he "must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Ariz. Attorney Gen.,* 499 F.3d 1056, 1061 (9th Cir. 2007). Here, petitioner's failure to timely file his petition, rather than being caused by denial of access to legal material, appears to be due to his lack of diligence. According to petitioner's opposition, he first began taking steps to challenge his conviction only after he was provided legal advice from another inmate in September 2006. By that time, however, the limitation period had already expired. Petitioner does not allege any facts demonstrating that he made an effort to pursue habeas relief prior to the limitation period elapsing.

Lastly, petitioner's contention that a delay in receiving transcripts justifies his untimely filing also lacks merit. Petitioner claims that he requested his attorney provide him with his transcripts relating to his plea and sentence in November 2006, but he did not actually receive the transcripts until February 11, 2008. Dckt. No. 15 at 3. Again, petitioner's allegation simply shows that he attempted to work on his habeas petition after the limitation period had expired. Assuming counsel's delay in providing the transcripts constitutes an extraordinary circumstance, petitioner cannot show that a delay in receiving the transcript interfered with his ability to timely file his petition. *See Spitsyn v. Moore*, 345 F.3d 796, 799 ("The prisoner must show that the extraordinary circumstances were the cause of his untimeliness.") (quotation marks omitted)).

Petitioner took no steps towards the filing of his federal petition until after the limitation period had expired. Petitioner failed to pursue his rights diligently and therefore is not entitled to

6

equitable tolling. Based on the foregoing, the court finds that petitioner failed to timely file his federal habeas petition. Accordingly, respondent's motion to dismiss is granted.

## II.    Motion for Appointment of Counsel

Petitioner has requested that the court appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel in this proceeding. Accordingly, petitioner's request for appointment of counsel is denied.

## III.    Conclusion

Accordingly, it is hereby ORDERED that:

1. Respondent's motion to dismiss (Dckt. No. 11) is granted;

2. Petitioner's motion for appointment of counsel (Dckt. No. 15) is denied;

3. The Clerk is directed to close the case; and

4. The court declines to issue a certificate of appealability.

DATED: January 24, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE